United States Courts
Southern District of Texas
FILED

DEC 0 5 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS KAYE | § | |
| | § | |
| vs. | § | Civil Action 4:05-CV-02809 |
| | § | |
| SYNTHES (U.S.A.) A.K.A. | § | |
| AND PREVIOUSLY MISNAMED AS | § | |
| SYNTHES (U.S.A.), L.P. | § | |

### FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW, Douglas Kaye, hereinafter referred to as Plaintiff in the above entitled and numbered cause, complaining of Synthes (U.S.A.) a.k.a and previously misnamed as Synthes (U.S.A.), L.P., (herein after referred to as Defendant "Synthes"), and for cause of action would respectfully show the court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Douglas Kaye is an individual residing in Sugar Land, Fort Bend County, Texas.

2. Defendant Synthes (U.S.A.) a.k.a and previously misnamed as Synthes (U.S.A.), L.P., (hereinafter, "Synthes") is a corporation organized and existing under the laws of the state of Pennsylvania, which, at all times relevant hereto, was authorized to conduct business in the state of Texas, was doing business in the state of Texas, and has answered and has made an appearance herein.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 1441 and the amount in controversy exceeds $75,000.

4. The incident giving rise to this lawsuit occurred in Sugar Land, Fort Bend County, Texas.

## COUNT I

## NEGLIGENCE

5. Plaintiff hereby incorporates by reference and reallege each and every allegation contained in Paragraphs 1 through 4 of this Complaint.

6. On March 2003 Doug had a skiing accident in Vermont, damaging his left shoulder and crushing a lung. Mr. Kaye was taken to a Vermont hospital, where he remained hospitalized until March 17, 2003, at which that point he was moved back to Texas. Mr. Kaye went to see Dr. Tim Sitter, an orthopedic doctor, about his shoulder upon his arrival back into Texas. Mr. Kaye's clavicle was damaged enough that it required surgery. Because of the condition of his lung, the surgery for his shoulder had to wait 6 weeks in order for his lung to heal. During that time his clavicle caved in.

7. Mr. Kaye had two surgical procedures performed on his left shoulder. During the second surgery a plate manufactured, marketed, and sold by the known Defendant, was surgically placed to correct his calvicle fracture. A representative of Synthes, John Adams, was present during the surgery. Seven weeks later, with his doctors permission, Mr. Kaye was moving a refrigerator on wheels, and strained his shoulder. Mr. Kaye continued to feel pain in his shoulder the next day and obtained an x-ray, which revealed that the Synthes plate had broken. As a proximate and direct result, Mr. Kaye was forced to undergo a third surgery, where the plate was removed and replaced by a new plate. Another representative of Synthes was present during the third surgery.

8. The defective plate that caused injury to Plaintiff Douglas Kaye was manufactured, martketed, and distributed by Synthes, which company is engaged in the business of

manufacturing selling and otherwise placing orthopedic equipment into the stream of commerce.

9. At the time of the injury, the Synthes plate placed in Plaintiff Douglas Kaye's left clavicle was in the condition in which it was sold and had not undergone substantial change since it was manufactured or sold.

10. SYNTHES, their agents, servants, and employees negligently designed, manufactured, and marketed the subject clavicle hook plate in question. SYNTHES knew or in the exercise of ordinary care, should have known of the existence of the dangerous condition of the subject clavicle hook plate and that there was the likelihood of someone being injured as happened to Plaintiff.

11. SYNTHES was guilty of negligence in the following respects:

   1. in the design, manufacture, and marketing of the subject clavicle hook plate which injured Douglas Kaye;

   2. in failing to properly inspect or test the subject clavicle plate ;

   3. in failing to adequately warn purchasers or users of the risk imposed by use of the subject clavicle hook plate ;

   4. in selling dangerously defective equipment after SYNTHES knew or should have known of the risks posed by the product to the public at large and the risks posed to Plaintiff; and

   5. in recommending and selecting the subject clavicle plate made the basis of this lawsuit for sale and distribution without providing any warning to the Plaintiff or public at large.

12. At all times relevant hereto, it was economically and technologically feasible for Defendant Synthes to manufacture a plate according to an available, safer, alternative design.

## COUNT II

## STRICT PRODUCTS LIABILITY: MANUFACTURING DEFECT, DESIGN DEFECT, AND MARKETING DEFECT

13. Plaintiff hereby incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 12 of this Complaint.

14. In manufacturing the plate that caused injury to the Plaintiff, Defendant Synthes owed a duty of care to all foreseeable users of the product, including Plaintiff Douglas Kaye.

15. Defendant (Synthes) breached their duty of care in that they negligently designed, manufactured, and marketed (including a failure to warn) the plate that caused injury to Plaintiff.

16. The plate made the basis of this lawsuit was unreasonably dangerous and was defective in such a manner as to pose an unreasonable risk of harm to its user. The defects in the plate were the producing cause of damages suffered by Plaintiff. Plaintiff brings this action pursuant § 402A of the Restatement (Second) of Torts. Defendant is strictly liable to Plaintiff for his damages. Defendant's conduct as described herein was a producing and/or proximate cause of Plaintiff's damages.

## COUNT III

## NEGLIGENT FAILURE TO WARN

17. Plaintiff hereby incorporates by reference and reallege each and every allegation contained in Paragraphs 1 through 16 of this Complaint.

18. At the time when the subject plate left the hands of the manufacturer, Defendant had a duty to warn potential users or consumers of the risks associated with the plate if stresses, such as those placed by Plaintiff, were placed on the plate.

19. At the time when the plate was packaged and left the hands of the distributor, Defendant had a duty to warn potential users or consumers of the risks associated with the plate.

20. Defendant breached its duty to warn in that it failed to affix any warning or instructions to the subject plate, failed to affix any warning to the packaging of the subject plate, and failed to provide, in any other way, any warning to potential users or consumers of the risks associated with the plate.

21. As a direct and proximate result of the Defendant's conduct, Plaintiff was damaged by the defective plate.

## COUNT IV

## BREACH OF WARRANTY

22. Plaintiff hereby incorporates by reference and reallege each and every allegation contained in Paragraphs 1 through 21 of this Complaint.

23. Defendant impliedly warranted to the public generally that the subject plate was of merchantable quality and was safe and fit for its intended purpose when used under ordinary conditions and in an ordinary manner.

24. Defendant breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose found in § 2.314 and § 2.315 of the *Texas Business and Commerce Code Annotated.*

25. Plaintiff relied upon these implied warranties when he utilized the above-referenced plate in the manner in which it was intended to be used.

## **DAMAGES**

26. Plaintiff hereby incorporates by reference and reallege each and every allegation contained in Paragraphs 1 through 26 of this Complaint.

27. Upon trial of this case, it will be shown that Douglas Kaye was caused to sustain injuries and damages including but not limited to the physical, emotional, and financial hardship of going through two unnecessary surgical procedures. As a proximate result of Defendant's conduct, Plaintiff respectfully requests the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the Jury in this case consider in determining the sum of money which will fairly and reasonable compensate Plaintiff for his injuries, damages and losses incurred in the past and to be incurred in the future. These damages include, but are not limited to physical pain and suffering, mental anguish, disfigurement, loss of earnings and earning capacity in the past, present and future.

28. Because of all of the above and foregoing, Plaintiff has been damaged and will be damaged in an amount exceeding $75,000.00, for which Plaintiff now brings suit.

Respectfully submitted,

By: _____
Andrew E. Rubenstein
State Bar No.: 17360375
ATTORNEY IN CHARGE

**Of Counsel:**
**THE MALLIA LAW FIRM, P.C.**
State Bar No.: 00785801
One Riverway, Suite 610
Houston, Texas 77056
Telephone: 713-224-1100
Facsimile: 713-222-7086

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *First Amended Original Complaint* has been forwarded under the Federal Rules of Civil Procedure to all counsel listed below on December 1, 2005.

| PARTY | COUNSEL |
|---|---|
| Synthes (U.S.A.) | *Via CM/RRR and Facsimile 713-862-9587*<br>Deanna H. Livingston<br>1770 St. James Place, Suite 100<br>Houston, Texas 77056-3405<br>713-783-6969 office |

By: _____
Andrew E. Rubenstein