Case 4:05-cv-02809 Document 19 Filed in TXSD on 01/10/06 Page 1 of 6

United States Courts
Southern District of Texas
FILED

JAN 1 0 2006

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS KAYE | § | |
| | § | |
| vs. | § | Civil Action 4:05-CV-02809 |
| | § | |
| SYNTHES (U.S.A.) A.K.A. | § | |
| AND PREVIOUSLY MISNAMED AS | § | |
| SYNTHES (U.S.A.), L.P. | § | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT, SYNTHES, (U.S.A.)

TO:   Synthes (U.S.A.), by and through its attorney of record, Deanna H. Livingston
      1770 St. James Place, Suite 100, Houston, Texas 77056-3405.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, DOUGLAS KAYE, serves these Interrogatories upon Defendant, SYNTHES (U.S.A.). These Interrogatories should be answered separately and fully, in writing, under oath, and signed bye the person providing the answers which are due thirty (30) days after the service of these Interrogatories on Defendant. Defendant is under a continuing duty to supplement their answers to these Interrogatories when their orginal answers are no longer complete, true or accurate. Defendant is requested to answer these Interrogatories in conformity with the Federal Rules of Civil Procedure and the Instructions and Definitions are included in the Rules or otherwise attached hereto and incorporated herein for all purposes.

Respectfully submitted,

By: _____
Andrew E. Rubenstein
State Bar No.: 17360375
ATTORNEY IN CHARGE

**Of Counsel:**
**THE MALLIA LAW FIRM, P.C.**
State Bar No.: 00785801
One Riverway, Suite 610
Houston, Texas 77056
Telephone: 713-224-1100
Facsimile: 713-222-7086

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***Plaintiff's First Set of Interrogatories to Defendant, Synthes (U.S.A.)*** has been forwarded under the Federal Rules of Civil Procedure to all counsel listed below on January 9, 2006.

| **PARTY** | **COUNSEL** |
|---|---|
| Synthes (U.S.A.) | *Via CM/RRR and Facsimile 713-862-9587*<br>Deanna H. Livingston<br>1770 St. James Place, Suite 100<br>Houston, Texas 77056-3405<br>713-783-6969 office |

By: _____
Andrew E. Rubenstein

2

## DEFINITIONS

As used in these Interrogatories, the terms listed below should be understood to have the meanings described below:

1. The terms "you" or "your" mean the party to whom these Interrogatories are directed.

2. As used herein in reference to a natural person, the terms "identify" or "identification" mean to state his full name and present or last known residence address, present or last known employer (if employed by the party to whom these Interrogatories are directed, then identify the particular organization for which he works), present or last known business address, present or last known occupational title and position, his past or present affiliation with the party to whom these Interrogatories are directed during the applicable time period, specifying in each instance the title or position and the dates so held.

3. As used herein in reference to a document, the terms "identify" or "identification" mean to state its date, subject and substance, author, all known recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), present or last known location and identity of each of its present or last known custodians. Each use of each term shall include documents with respect to which a privilege is or may be claimed. If any such document was, but no longer is, in your possession, custody or control, or the control of your agents or representatives, state whether it (a) is missing or lost; (b) has been destroyed; (c) been transferred voluntarily or involuntarily to others, identifying the other or others; or (d) was otherwise disposed of, and in each such instance explain the circumstances surrounding an authorization for such disposition.

4. As used herein in reference to an occasion, event, meeting or conversation, the terms "identify" or "identification" means to state its date, place, and duration and identify all known persons present, attending or participating.

5.  The term "document" refers to all documents, not privileged in the actual possession, constructive possession, custody or control of the party to whom this discovery is directed. The term includes any writing, letter, memoranda, contract, telegraph, plan, sketch, map, drawing, graph, chart, brochure, pamphlet, advertisement, governmental study or report, book, treatise, press release, diary, invoice, canceled check or other form of tangible written instrument.

The term "document" also includes motion picture film, audio-recording, video recording, laser disc recording, photograph and photographic negative, or other form of audio/visual recordation.

The term "document" also includes information that is not in "document" form at the present time, but can be reduced to document form such as information contained in a computer or on microfiche or microfilm.

6.  The term "settlement" as used herein means and includes any oral or written, disclosed or undisclosed, agreement, bargain, contract, settlement, "arrangement", "deal", "understanding", loan arrangement, credit arrangement, contingent settlement, limitation on amount of liability or judgment, or a promise whereby you (or anyone on your behalf) have in any way settled, released or compromised, in whole or in part, directly or indirectly, or agreed to do so in the future any suit, claim, cause of action or demand arising out of the matters made the basis of this lawsuit. The foregoing definition of the term "settlement" is not meant to be limited to the variations mentioned hereinabove, but the intent of the definition is to include any type of arrangement or agreement, including any agreement as to how the jury will be selected, or as to the witnesses who will be called, or as to the questions to be asked of any of the witnesses, or as to the exhibits which will be offered, or as to the voir dire questions, opening statements, arrangements or other statements or questions to be presented to the jury or jury panel.

## INTERROGATORIES

With regard to the model or type of plate made the basis of this lawsuit:

## INTERROGATORY NO. 1:

Has this Defendant been sued in its proper capacity? If not, please identify its proper capacity.

**ANSWER:**

## INTERROGATORY NO. 2:

Has this Defendant been sued in its correct name? If not, please identify its proper name.

**ANSWER:**

## INTERROGATORY NO. 3:

Identify the person responding on behalf of this defendant and note his/her position with you

**ANSWER:**

## INTERROGATORY NO. 4:

What is your state of incorporation, date of incorporation, and in what state does your corporation have its principal place of business?

**ANSWER:**

## INTERROGATORY NO. 5:

With regard to the model or type of plate made the basis of this lawsuit:

(a) Identify the plate by part number, model number, serial number, or other source of identification;

(b) State the date of manufacture of the plate, and identify all manufacturers, jobbers, distributors and other entities of which you are aware that are involved with the movement of the plate within the stream of commerce;

(c) Identify all written documents consulted in the design and/or documents which reflect or illustrate the design of the subject plate that you have offered for sale;

(d) Identify all testing done on the subject plate and on any plates of the same model or part number in connection with the design of it;

(e) Concerning each respective plate identified in 5(d), state whether there were any changes in design of said plate from the previous design of the plate, noting in your

answer what changes in design took place, or have taken place;

(f) Concerning each respective plate identified in 5(d), state whether there have been any changes in manufacture of the plate as compared to the previous plate. If so, state specifically what changes in manufacture took place, or have taken place, when and why;

(g) As to all written warnings that you have either posted at or near where plates were offered for sale to the public, and/or that were affixed to the packaging or other part of a plate that you have ever sold within the last ten year period, provide the text of each warning that has ever been used, identify the exact language of each of said warnings and also state how the warning was affixed to the plate or otherwise disseminated to the public;

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify anyone who has ever been injured while using any of the plates, or substantially similar plates offered for sale by you.

**ANSWER:**

**INTERROGATORY NO. 7:**

If have received complaints, whether written or otherwise, from any purchasers of any plate, concerning any safety aspect of the plate state:

(a) The nature of the complaint;
(b) The name and address of the person or persons who have communicated such complaints to you and the dates thereof;
(c) If such complaints were in writing, state where these records are kept and the custodian thereof; and
(d) Identify the particular plate complained of by model number, etc.

**INTERROGATORY NO. 8:**

If you contend that any injuries to the plaintiff were the result of his own actions or negligence or the actions and omissions of a third party, set forth in detail any and all facts upon which such allegations are based and identify the sources of the information upon which such allegation is based.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify any of the Defendant's employees who were present during the procedure to implant and explant the subject plate from Plaintiff

**ANSWER:**